**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Noble Supply & Logistics, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11369 (CTG)<br><br>**Related Docket No. 102** |

**ORDER**

Upon consideration of the Debtors' Emergency Motion [D.I. 102] for entry of an order Compelling the Defense Logistics Agency to Perform Under Executory Contracts, (II) Enforcing the Automatic Stay, (III) Ordering the Defense Logistics Agency to Cease All Violations of the Automatic Stay, and (IV) Granting Related Relief (the "Motion") and upon consideration of the Motion, the Albergotti Declaration, the Van Aalten Declaration, and the objection of the United States of America and the declarations in support thereof [Docket Nos. 124, 125, 127, 129] (the "Objection"); and the United States District Court for the District of Delaware having jurisdiction to consider this Motion under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the Objection and having heard the statements in support of the relief requested therein and in opposition thereto at hearings before this Court on September 16, 2028 and September 18, 2026 (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and upon all of the proceedings

had before this Court; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth on the record herein and in the Hearings; it is HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Based on the evidence presented at the Hearings, the Court finds that the Defense Logistics Agency ("DLA") imposed an administrative freeze on payments otherwise due to the debtors to preserve its right of setoff with respect to amounts that the DLA alleges were due to it from the debtors.

3. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 (1995) authorizes the "temporary refusal of a creditor to pay a debt that is subject to setoff against a debt owed" to the debtor. The Supreme Court's opinion, however, implicitly acknowledges that the amount that is frozen cannot be more than is reasonably necessary to protect the creditor's right of setoff. "We do not consider … respondent's contention that the portion of the account subjected to the 'administrative hold' exceeded the amount properly subject to setoff." *Id.* at 19.

4. The Court here finds that the scope and duration of the administrative freeze imposed by the DLA exceeded what is authorized under *Strumpf*. The DLA's administrative freeze covered payables beyond those necessary fully to protect its right of setoff. The amounts owed to the DLA from the debtors remain unliquidated and disputed. Even so, the Court finds that the DLA could have paid the amounts that came due without prejudicing its right to setoff even if the debtors owe the DLA the maximum amount that the DLA asserts is owed to it. In addition, while the creditor in *Strumpf* promptly moved the bankruptcy court for setoff following the imposition of the administrative freeze, here the DLA did not. The matter was brought before the Court only on an emergency motion of the debtors seeking to compel payment.

5. While the debtors initiated this contested matter by way of a motion rather than filing an adversary proceeding, the Court finds that the United States has received actual notice of the matter, that the shortening of time was due and proper under the circumstances presented, and therefore that proceeding by way of motion did not affect the substantial rights of any party. *See* Fed. R. Bankr. P. 9005.

6. The Court finds based on the evidence presented at the hearing that the DLA improperly exercised setoff rights against $6,972,618 in payables that would have otherwise been made by the date of

this Order. The Court concludes that the DLA's rights of setoff are adequately protected by other payables that are or will come due to the debtors. At the same time, the debtors recognize that they owe the DLA at least $538,183.63 under the terms of a settlement agreement (without prejudice to the parties' rights with respect to further amounts that the DLA contends are due to it).

7. The DLA is accordingly ordered, pursuant to § 542 of the Bankruptcy Code, to pay to the debtors, within three business days of the entry of this Order, $6,972,618, minus the $538,183.63 that the debtors acknowledge may be setoff. Accordingly, the amount that the DLA must remit to the debtors within three business days is $6,434,434.37.

8. The DLA shall otherwise remit payment to the Debtors in the ordinary course of business pursuant to applicable federal law and regulations, with due regard for the exigencies of the circumstances. Any disputes concerning payments shall be raised in the ordinary course pursuant to federal law and regulation, again with due regard for the exigencies of the circumstances. The parties shall negotiate in good faith with respect to any payment dispute. This Court, however, expressly retains jurisdiction over any such dispute.

9. To the extent the DLA contends, at any point, that amounts due to it are not adequately protected by future payables due to the debtors, the DLA may seek relief from the automatic stay. On a hearing for stay relief, the Court is prepared to conduct an estimation proceeding pursuant to § 502(c) to determine the amount subject to setoff. The DLA may not, however, otherwise impose an administrative freeze or exercise setoff or replacement rights without seeking and obtaining relief from this Court.

10. The parties are directed to meet and confer with respect to future rights of setoff and the setting of hearing on, and briefing with respect to, any motion for relief from stay to conduct an estimation and/or to effect setoff. The Court reserves jurisdiction to resolve any dispute over such matters.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof. At the hearing held on September 18, 2026, the

United States sought a stay pending appeal and in the alternative an administrative stay to permit it to seek a stay pending appeal from the district court. In view of the record in this case, which demonstrates the debtors' urgent need for the amounts due in order to avoid conversion of this case to chapter 7 and the accompanying destruction of potential value, the Court denied that motion on the record.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 18th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**